UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **ELIZABETH BATTS, *et al.*,**<br>    Plaintiffs,<br><br>v.<br><br>**COLBERT COUNTY SHERIFF'S DEPARTMENT,** *et al.*,<br>    Defendants. | Case No. 3:25-cv-406-CLM |

## MEMORANDUM OPINION AND ORDER

Elizabeth Batts and Frederick Rowlett are both African American and both used to work for the Colbert County Sheriff's Department (the "Department"). Each claims, based on seemingly unrelated facts, that the Department and its head, Sheriff Eric Balentine, discriminated against them based on their race in violation of Title VII and 29 U.S.C. § 1981. The Department moves to dismiss all claims against it while Sheriff Balentine seeks partial dismissal. (doc. 8). Alternatively, Sheriff Balentine requests that the court stay this case until the Equal Employment Opportunity Commission (the "EEOC") concludes its investigation into Batts's EEOC charge against the Department. (*Id.*).

For the reasons below, the court **GRANTS IN PART AND DENIES AS MOOT IN PART** Defendants' motion (doc. 8). The court will **DISMISS WITHOUT PREJUDICE** Batts and Rowlett's claims against the Department. The court will also **DISMISS WITHOUT PREJUDICE** Batts and Rowlett's § 1981 claims to the extent that they seek retrospective relief. Finally, the court will **DENY AS MOOT** Defendants' motion to dismiss Batts's Title VII claim. Batts and Rowlett's Title VII claims and § 1981 claims seeking prospective relief against Sheriff Balentine remain pending before the court.

## BACKGROUND

The facts alleged in Batts and Rowlett's complaint are not implicated in Defendants' motion to dismiss, so the court does not recite them here. But at bottom, both Batts and Rowlett contend that Defendants discriminated against them based on their race in violation of Title VII and § 1981.

Batts and Rowlett brought four claims against the Department and Sheriff Balentine:

- **Count 1:** Batts's discrimination claim against the Department and Sheriff Balentine under Title VII (*Id.* at pp. 3-8);
- **Count 2:** Batts's discrimination claim against the Department and Sheriff Balentine under 28 U.S.C. § 1981 (*Id.* at pp. 8-12);
- **Count 3:** Rowlett's discrimination claim against the Department and Sheriff Balentine under Title VII (*Id.* at pp. 13-18);
- **Count 4:** Rowlett's discrimination claim against the Department and Sheriff Balentine under 28 U.S.C. § 1981 (*Id.* at pp. 18-23).

Batts and Rowlett say in their complaint that they timely filed charges of discrimination with the EEOC and were issued right to sue letters. And while neither Batts nor Rowlett's EEOC charge or right to sue letter were attached as exhibits to their complaint, Defendants did include Batts's EEOC charge and right to sue letter as exhibits to their motion to dismiss. (*See* docs. 8-2, 8-3).

Because Batts named the Department and Sheriff Balentine as respondents in her EEOC charge, the EEOC assigned two separate charge numbers to her filing. It assigned Charge Number 420-2025-01031 to the charge against the Department and Charge Number 420-2025-01032 to the charge against Sheriff Balentine. The EEOC closed Batts's charge against Sheriff Balentine "because [Batts was] not in an employment relationship" with him. (*See* doc. 8-2, p. 4). The EEOC then issued Batts's right to sue letter for her charge against Sheriff Balentine.

The EEOC was still investigating Batts's charge against the Department when Defendants moved to dismiss, but the EEOC has since concluded its investigation and issued Batts a right to sue letter for that charge, too. (*See* doc. 8-3, p. 14; *see also* doc. 19).

## DISCUSSION

The parties have, through briefing and joint communications with the court, reached an agreement on how Batts and Rowlett's claims should proceed. Still, the court will explain the resolution for each of the claims below.

### A.   Batts and Rowlett's Claims Against the Department

The Department argued that it should be "dismissed as a Defendant for lack of subject matter jurisdiction because it is not an entity capable of being sued[.]" (Doc. 8, p. 5). In their response to Defendants' motion to dismiss, Batts and Rowlett agreed to "voluntarily dismiss their claims against [the Department]," so the court **will grant** Defendants' motion to dismiss all claims against the Department and **direct** the Clerk of Court to remove the Department as a party. (*See* doc. 14, p. 4).

### B.   Batts and Rowlett's § 1981 Claims Against Sheriff Balentine

Sheriff Balentine argued that, because he is an Alabama state official, "the Eleventh Amendment bars any claim for retrospective (i.e., money damages) against him in his official capacity under [§ 1981]." (Doc. 8, p. 4). Batts and Rowlett agreed again in their response to "voluntarily dismiss any claims for retroactive relief under § 1981." (Doc. 14, p. 4). So the court **will grant** Defendants' motion to dismiss Batts and Rowlett's § 1981 claims to the extent that they seek retrospective relief against Sheriff Balentine in Counts 2 and 4.

### C. Batts and Rowlett's Title VII Claims Against Sheriff Balentine

Because the court is dismissing all claims against the Department and the § 1981 claims seeking retrospective relief against Sheriff Balentine, the remaining, fully intact claims are Batts and Rowlett's Title VII claims against Sheriff Balentine in Counts 1 and 3. At first, Sheriff Balentine argued that Batts's Title VII claim against him should be dismissed, or alternatively, the entire case should be stayed because the EEOC had not issued Batts a right to sue letter for her charge against the Department. Since then, however, the parties have told the court that the EEOC has concluded its investigation into Batts's charge against the Department and issued Batts a right to sue letter. (*See* doc. 19). As a result, the court **will deny as moot** Defendants' motion to dismiss Batts's Title VII claim and alternative request for a stay.

### CONCLUSION

For the reasons above, the court **GRANTS IN PART AND DENIES AS MOOT IN PART** Defendants' motion to dismiss (doc. 8). The court **DISMISSES WITHOUT PREJUDICE** Batts and Rowlett's claims against the Department and **DIRECTS** the Clerk of Court to remove the Department as a party to this case. The court also **DISMISSES WITHOUT PREJUDICE** Batts and Rowlett's § 1981 claims against Sheriff Balentine to the extent that they seek retrospective relief. Finally, the court **DENIES AS MOOT** Defendants' motion to dismiss Batts's Title VII claim and alternative request for a stay.

**DONE** and **ORDERED** on February 23, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE